IN THE SUPREME COURT OF THE STATE OF DELAWARE

TERRELL A. GEE, §
§
 Defendant Below, § No. 393, 2016
 Appellant, §
§ Court Below—Superior Court
 v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 0608011014
§
 Plaintiff Below, §
 Appellee. §

Submitted: August 15, 2016
Decided:  August 16, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 16th day of August 2016, it appears to the Court that:

(1) On August 1, 2016, the Court received the appellant's notice of appeal from a Superior Court order denying his fourth motion for postconviction relief. The Superior Court order was dated, and docketed on, June 28, 2016. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before July 28, 2016.

(2) The Senior Court Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, the appellant argues that

his appeal should not be dismissed because he is in a building where he can only access the prison law library on Thursdays.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) The appellant does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10 (a); *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).
[3] *Carr*, 554 A.2d at 779. *See also Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014) (dismissing untimely appeal where inmate claimed his appeal was late because he needed assistance of law library and he could not obtain library appointment until after appeal deadline expired); *Alford v. State*, 2013 WL 3484679, at *1 (Del. July 8, 2013) (dismissing untimely appeal where inmate claimed his appeal was late because he was weak from open heart surgery and was unable to receive appointment with law library).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice